On respondent's motion filed November 20, 1991, reversed and remanded for reconsideration March 4, 1992

In the Matter of the Compensation of
Joseph E. Basham, Jr., Claimant.
SAIF CORPORATION
and Eugene Personnel Services,
*Petitioners,*

*v.*

Joseph E. BASHAM, Jr.,
*Respondent.*
(89-00968; CA A67795)

827 P2d 204

Edward J. Harri, Salem, and Malagon, Moore & Johnson, Eugene, for the motion.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David L. Runner, Assistant Attorney General, Salem, *contra.*

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

The Workers' Compensation Board's order for which judicial review is sought held claimant's claim compensable under the Board's decision in *Donna Aschbacher*, 41 Van Natta 1242 (1989), which we reversed. *Aetna Casualty Co. v. Aschbacher*, 107 Or App 494, 812 P2d 844, *rev den* 312 Or 150 (1991). Claimant has moved to remand this case to the Board "for further proceedings," meaning, apparently, for reconsideration in the light of this court's decision in *Aschbacher* and to consider whether the claim might be compensable under other theories advanced by claimant. SAIF has submitted a letter to the effect that it does not oppose claimant's motion, but that "the court should reverse the Board's order and remand the case to the Board for reconsideration."

ORS 183.482(7) and (8), made applicable to workers' compensation cases by ORS 656.298(6), delineate the actions that we may take on judicial review. The circumstances under which we may simply remand a case do not include an error of law of the type in *Aetna Casualty Co. v. Aschbacher, supra*, or this case.[1] Accordingly, we do not have authority to remand without reversing the Board. We treat claimant's motion as a concession that the Board erred in holding the claim compensable, and we accept the concession.

Reversed and remanded for reconsideration.

---

[1] ORS 183.482(8)(a)(B) requires the court to remand if it finds that the agency has incorrectly interpreted a provision of law and that the correct interpretation compels a particular action. A correct interpretation of the provision of law involved here does not compel any particular action.